## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KAREN HENRY, individually and on behalf of all similarly situated persons, | ) ) | Civil Action No. |
| | ) | |
|    Plaintiff, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CLAYTON COUNTY SCHOOL DISTRICT, | ) ) | |
| | ) | |
|    Defendant. | ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Karen Henry ("Ms. Henry" or "Plaintiff") brings this Collective Action Complaint, on behalf of herself and all others similarly situated, against Defendant Clayton County School District ("CCSD" or "Defendant"), alleging systemic violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and related claims for non-payment of wages earned. Plaintiff's Consent to Join form is filed herewith as Exhibit A. In support thereof, Plaintiff respectfully shows the following:

### NATURE OF COMPLAINT

#### 1.

Ms. Henry brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. On behalf of herself and all those similarly situated, she seeks actual and liquidated damages, interest, and

reasonable attorneys' fees and costs for Defendant's failures to pay her wages and failure to pay her overtime premium, in violation of the FLSA, for hours worked in excess of forty hours per week—in particular for hours worked while "on call" and during her lunch "breaks."

Only on her own behalf, she also seeks actual damages, interest, and reasonable attorneys' fees and costs caused by Defendant's breach of her employment contract and related violations of the common law.

### JURISDICTION AND VENUE

2.

This Court has original, federal-question jurisdiction over this action, pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

This Court has supplemental subject-matter jurisdiction over Ms. Henry's state-law claims, pursuant to 28 U.S.C. § 1367, because as set forth below, the facts on which her FLSA claims rest are also the basis of her state-law claims, which lie in contract and quasi-contract doctrines such as promissory estoppel.

4.

This Court has personal jurisdiction over Defendant, and venue is proper in this Court, because Defendant resides within this district and division and because the acts and omissions giving rise to Plaintiffs' claims occurred herein.

**PARTIES**

5.

Ms. Henry is a citizen of the United States and resident of the State of Georgia. She submits to the jurisdiction of this Court.

6.

Ms. Henry is and has been, at all relevant times, an "employee" of Defendant for the purposes of the FLSA, 29 U.S.C. § 203(e).

7.

CCSD is a public corporate body and a county political subdivision operating in Clayton County, Georgia, and has the capacity to be sued.

8.

At all relevant times, CCSD has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce, for the purposes of the FLSA, 29 U.S.C. §§ 201 *et seq.*

9.

At all relevant times, CCSD has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §§ 203(s)(1)(B) and (C) because it "is engaged in the operation of . . . a preschool, elementary or secondary school . . ." and because it "is an activity of a public agency."

10.

CCSD is governed by the Clayton County Board of Education and may be served with process by service upon its Superintendent, Dr. Anthony W. Smith, at 1058 Fifth Avenue, Jonesboro, Georgia 30236.

### COLLECTIVE ACTION ALLEGATIONS

11.

Ms. Henry brings this action on behalf of herself and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

12.

Ms. Henry seeks to represent the following groups of similarly situated persons, pursuant to 29 U.S.C. § 216(b):

a. All persons who were, or are, employed by CCSD as non-exempt employees at any time within three years prior to the filing of this Complaint and who were not compensated at an overtime rate of one and one-half times their regular rate of pay for all time worked on call in excess of forty hours per week (the "On-Call Collective");

b. All persons who were, or are, employed by CCSD as non-exempt employees at any time within three years prior to the filing of this Complaint and who were not compensated at an overtime rate of one and

one-half times their regular rate of pay for time worked during their lunch "breaks" in excess of forty hours per week (the "Break Collective").

13.

Upon information and belief, although the precise number of members of each collective is unknown, and although CCSD has sole possession of the facts upon which the calculation of those numbers depends, the On-Call Collective and Break Collective each comprise more than twenty members, most of whom are not likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

14.

Ms. Henry will fairly and adequately protect the interests of the members of the On-Call Collective and Break Collective and has retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

15.

Questions of law and fact common to the members of each of the On-Call Collective and Break Collective predominate over questions that may affect only individual members because CCSD's violations of the FLSA described herein arise mostly out of official CCSD policy and are generally applicable to all members of each of the On-Call Collective and Break Collective.

## STATEMENT OF FACTS

### 16.

Ms. Henry began her employment with Defendant on or about November 1, 2013, as a school resource officer in Defendant's safety and security department. In May of 2022, she received a promotion to Police Investigator, which position she commenced on or about June 17, 2022. In October of 2022, she was promoted to Police Sergeant.

### 17.

As of the time of this filing, Defendant employs Ms. Henry as a Police Sergeant, along with approximately ten other of Defendant's employees. Upon information and belief, more than ten additional individuals have held the position of Police Investigator or Police Sergeant in Defendant's employment at some point in the past three years.

### 18.

Since she became a Police Investigator, Ms. Henry's job duties have included, *inter alia*, maintaining security and enforcing the law at Defendant's schools.

### 19.

As a Police Investigator, and since her promotion to Sergeant, Ms. Henry and those similarly situated are not exempt from the FLSA's maximum-hour and overtime requirements. Sometimes, Defendant does pay them for their time worked

in excess of forty hours per week—although often not at one and one-half times their regular rate—when they work mandatory overtime such as at after-school sporting events.

20.

Defendant pays Ms. Henry and those similarly situated at irregular intervals— not according to a regular period, for example, of seven, fourteen, twenty-one, or twenty-eight days. For example, in 2023, Defendant paid Ms. Henry on January 27, February 15 (a pay period of nineteen days), February 28 (a pay period of thirteen days), March 15, (a pay period of fifteen days), and March 31 (a pay period of sixteen days).

21.

When Defendant calculates and pays overtime to Ms. Henry and those similarly situated, it does so according to the time elapsed since their most recent paycheck, not according to a regular pay period, for example, of seven, fourteen, twenty-one, or twenty-eight days.

22.

As a Police Investigator, and then as a Police Sergeant, in addition to her other duties, Defendant requires Ms. Henry multiple times per month to work on-call shifts, which are sometimes as long as twenty-four hours each, during which she receives typically no less than a dozen calls per shift.

23.

While on call, the calls to which Defendant requires Ms. Henry to respond are so frequent that she is unable to enjoy her personal time. For example, on Saturday, December 2, 2023, in one shift, Ms. Henry received calls at 6:55 a.m., 7:46 a.m., 8:27 a.m., 8:30 a.m., 9:36 a.m., 9:55 a.m., 10:30 a.m., 12:46 p.m., 1:09 p.m., 1:26 p.m., 1:31 p.m., 2:50 p.m., 3:21 p.m., and 3:54 p.m.

24.

Often, these calls require an hour or more of her time each to respond to.

25.

Defendant did not compensate Ms. Henry for all the time she worked on December 2, 2023, in the example above, and Defendant did not account for all the time she worked when calculating whether and how much overtime pay it owed Ms. Henry for the other work she performed during the work week including December 2, 2023.

26.

Defendant, as a matter of policy, fails to pay Ms. Henry and those similarly situated for all their time worked on call. Instead, Defendant only pays Ms. Henry and those similarly situated if they have to physically travel to the site of the call to respond, and then Defendant only compensates them for the time traveling to the site and at the site, but not returning home.

27.

On January 4, 2024, Defendant informed Ms. Henry she is now allowed to "opt in" each on-call shift to a flat rate of two hours' pay per shift, without regard to the amount of time actually spent on call, without regard to the amount of time actually spent responding to calls, and without regard to the amount of time worked in the regular course of business during the remainder of the work week.

28.

This new "opt in" policy is not official, and so its effective date is unclear. Upon information and belief, all employees similarly situated to Ms. Henry have the same choice as of the time of this filing, but they were not all informed of the change on January 4, 2024.

29.

In the regular course of her work, Ms. Henry often works a nine-hour shift, five times per week, for a total of forty-five hours worked per week not including her time on call.

30.

In the regular course, Defendant only pays for eight of the nine hours Ms. Henry and those similarly situated to her work per shift, deducting one hour per day for a lunch "break."

31.

Defendant, however, requires Ms. Henry and those similarly situated to her to continue working during their lunch "break" for no compensation. She and they are not completely relieved of their duties while eating lunch.

32.

On information and belief, Defendant's unlawful conduct described herein is pursuant to policies and practices of minimizing labor costs by violating the FLSA.

33.

On information and belief, CCSD has not made a good-faith effort to comply with the FLSA, or to investigate its compliance with the FLSA, with regard to Ms. Henry's compensation and the compensation of all those similarly situated to her.

34.

CCSD's actions regarding compensation for Ms. Henry and other members of the On-Call Collective and Break Collective are willful and not in good faith.

35.

CCSD's FLSA violations are willful and not in good faith.

## CLAIMS

### Count One – Individual Claim for Willful Failure
### to Pay for Overtime Worked On Call in Violation of the FLSA

36.

CCSD is a covered employer under the FLSA and employs Ms. Henry.

37.

"[N]o employer shall employ any of [its] employees . . . for a workweek longer than forty hours unless such employee receives compensation for [her] employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which [s]he is employed." 29 U.S.C.A. § 207(a).

38.

"When employees are engaged to wait for the employer's call to duty, this time may be compensable under the FLSA. The question of whether the employees are working during this time for purposes of the FLSA depends on the degree to which the employee may use the time for personal activities." *Birdwell v. City of Gadsden, Ala.*, 970 F.2d 802, 807 (11th Cir. 1992) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 136-38 (1944)).

39.

Ms. Henry regularly works on call, typically for twelve to twenty-four hours at a time, during which she cannot effectively use her time for her personal benefit.

40.

As a matter of policy and routine practice, Defendant fails and has failed to compensate Ms. Henry at one and one-half times her regular rate for hours worked in excess of forty hours per week because it fails to include all time worked on call in her compensable hours when calculating and paying overtime wages.

41.

Defendant's violations of the FLSA are willful and not in good faith.

42.

Defendant is therefore liable to Ms. Henry for unpaid overtime wages, liquidated damages in an equal amount, interest, and reasonable attorneys' fees and litigation costs.

**Count Two – Collective Claim for Willful Failure**
**to Pay for Overtime Worked On Call in Violation of the FLSA**

43.

Ms. Henry seeks to represent the following group of similarly situated persons, pursuant to 29 U.S.C. § 216(b):

> All persons who were, or are, employed by CCSD as non-exempt employees at any time within three years prior to the filing of this Complaint and who were not compensated at an overtime rate of one and one-half times their regular rate of pay for all time worked on call in excess of forty hours per week.

This is the "On-Call Collective."

44.

CCSD is a covered employer under the FLSA and employs Ms. Henry and the members of the On-Call Collective.

45.

Ms. Henry and members of the On-Call Collective regularly work on call, typically for twelve to twenty-four hours at a time, during which they cannot effectively use that time for their personal benefit.

46.

As a matter of policy and routine practice, Defendant fails and has failed to compensate Ms. Henry and members of the On-Call Collective at one and one-half times their regular rate for hours worked in excess of forty hours per week because it fails to include all time worked on call in their compensable hours when calculating and paying overtime wages.

47.

Defendant's violations of the FLSA with respect to Ms. Henry and members of the On-Call Collective are willful and not in good faith.

48.

Defendant is therefore liable to Ms. Henry and members of the On-Call Collective for unpaid overtime wages, liquidated damages in an equal amount, interest, and reasonable attorneys' fees and litigation costs.

**Count Three – Individual Claim for Willful Failure to Pay
for Overtime Worked During Unpaid Lunch Breaks in Violation of the FLSA**

49.

CCSD is a covered employer under the FLSA and employs Ms. Henry.

50.

"[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. § 207.

51.

"Bona fide meal periods are not worktime[,] [but] [t]he employee must be completely relieved from duty for the purposes of eating regular meal . . . . The employee is not relieved if [s]he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at [her] desk or a factory worker who is required to be at [her] machine is working while eating." 29 C.F.R. § 785.19 (string cite omitted).

52.

Defendant requires Ms. Henry to work during the time designated as her unpaid lunch break.

53.

As a matter of policy and routine practice, Defendant fails and has failed to compensate Ms. Henry for her time designated as her unpaid lunch break. Consequently, Ms. Henry is not paid overtime at one and one-half times her regular rate for all time that she works in excess of forty hours per week, because Defendant deducts compensable time from her hours worked.

54.

Defendant's violations of the FLSA are willful and not in good faith.

55.

Defendant is therefore liable to Ms. Henry for unpaid overtime wages, liquidated damages in an equal amount, interest, and reasonable attorneys' fees and litigation costs.

**Count Four – Collective Claim for Willful Failure to Pay**
**for Overtime Worked during Unpaid Lunch Breaks in Violation of the FLSA**

56.

Ms. Henry seeks to represent the following group of similarly situated persons, pursuant to 29 U.S.C. § 216(b):

> All persons who were, or are, employed by CCSD as non-exempt employees at any time within three years prior to the filing of this Complaint and who were not compensated at an overtime rate of one and one-half times their regular rate of pay for time worked during their lunch "breaks" in excess of forty hours per week.

This is the "Break Collective."

57.

CCSD is a covered employer under the FLSA and employs Ms. Henry and the members of the On-Call Collective.

58.

As a matter of policy and routine practice, Defendant fails and has failed to compensate Ms. Henry and members of the Break Collective for their time worked during the time designated as their unpaid lunch break. Consequently, Ms. Henry and members of the Break Collective are not paid overtime at one and one-half times their regular rate for all time that they work in excess of forty hours per week, because Defendant deducts compensable time from their hours worked.

59.

Defendant's violations of the FLSA with respect to Ms. Henry and members of the Break Collective are willful and not in good faith.

60.

Defendant is therefore liable to Ms. Henry and the members of the Break Collective for unpaid overtime wages, liquidated damages in an equal amount, interest, and reasonable attorneys' fees and litigation costs.

## Count Five – Individual Claim for Breach of Contract

61.

Defendant has agreed to pay Ms. Henry a set hourly rate for services rendered, forming an employment contract with Ms. Henry.

62.

This employment contract imposes on Defendant a duty of good faith and fair dealing.

63.

At all relevant times, Ms. Henry has fully performed her obligations under this contract, including working on call and during lunch breaks as Defendant has required and continues to require.

64.

Ms. Henry accepted her employment with Defendant and performed valuable services for Defendant in reliance on Defendant's promise of compensation for her labor.

65.

In breach of this employment contract, Defendant fails and has failed to pay Ms. Henry for all the work she performs and has performed on call and during lunch breaks.

66.

Defendant is therefore liable to Ms. Henry for breach of contract for the full amount of the wages due to her, interest, and reasonable attorneys' fees and costs.

## **Count Six (Pled in the Alternative)**
## **Individual Claim for Quantum Meruit**

67.

In the alternative to breach of contract, Defendant is liable to Ms. Henry in *quantum meruit* for the full amount of the work she has performed without compensation while on call and during her unpaid lunches.

68.

Ms. Henry accepted her employment with Defendant and performed valuable services for Defendant in reliance on Defendant's representations that it would pay Ms. Henry for her services.

69.

The valuable services Ms. Henry performed while working on call and during lunch breaks were done at Defendant's request and instruction, and Defendant knowingly accepted her services.

70.

Defendant's acceptance of Ms. Henry's services, at Defendant's request and instruction and without compensation, knowing Ms. Henry's expectation of

promised and fair compensation for her services in reliance on Defendant's representations, is unjust.

71.

Defendant is therefore liable to Ms. Henry in *quantum meruit* for the full value of the uncompensated services she has performed while on call and during lunch breaks, interest, and reasonable attorneys' fees and costs.

**Count Six (Pled in the Alternative)**
**Individual Claim for Promissory Estoppel**

72.

In the alternative to breach of contract and *quantum meruit*, Defendant is liable to Ms. Henry for promissory estoppel, pursuant to O.C.G.A. § 13-3-44, for the full amount of the work she has performed without compensation while on call and during lunch.

73.

Ms. Henry accepted her employment with Defendant in reliance on Defendant's representations that it would pay her for her services.

74.

Defendant expected or reasonably should have expected Ms. Henry to rely on its promises of compensation for her services.

75.

Ms. Henry relied on Defendant's promises to her detriment, in that she could

have pursued other opportunities for work but worked for Defendant instead.

76.

Injustice can only be avoided by enforcing Defendant's promise to pay Ms. Henry for all the work she has performed for Defendant's benefit.

77.

Defendant is therefore liable to Ms. Henry for promissory estoppel for the full value of the services she has performed and continues to perform, interest, and reasonable attorneys' fees and costs.

## **Count Seven (Pled in the Alternative)**
## **Individual Claim for Unjust Enrichment**

78.

In the alternative to breach of contract, *quantum meruit*, and promissory estoppel, Defendant is liable to Ms. Henry for unjust enrichment for the full amount of the work she has performed without compensation while on call and during lunch.

79.

Ms. Henry accepted her employment with Defendant in reliance on Defendant's representations that it would pay her for her services.

80.

The valuable services Ms. Henry performed while working on call and during lunch were done at Defendant's request and instruction, and Defendant knowingly accepted her services.

81.

Defendant's acceptance of Ms. Henry's services, at Defendant's request and instruction and without compensation, knowing Ms. Henry's expectation of fair compensation for her services in reliance on Defendant's representations, is unjust.

82.

Injustice can only be avoided by enforcing Defendant's promise to pay Ms. Henry for all the work she has performed for Defendant's benefit.

83.

Defendant is therefore liable to Ms. Henry for unjust enrichment for the full value of the services she has performed and continues to perform, interest, and reasonable attorneys' fees and costs.

**Count Eight – Expenses of Litigation (O.C.G.A. § 13-6-11)**

84.

Defendant has acted in bad faith, including but not limited to its breach of the employment contract.

85.

Defendant's actions described herein have caused Ms. Henry unnecessary trouble and expense.

86.

Pursuant to O.C.G.A. § 13-6-11, Defendant is therefore liable to Ms. Henry for the expenses of this litigation, including reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays, on behalf of herself, the On-Call Collective, and the Break Collective:

(A)     for a trial by jury;

(B)     for designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons in the On-Call Collective as defined herein, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

(C)     for designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons in the Break Collective as defined herein, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

(D)     for a declaratory judgment that CCSD's practices complained of herein are unlawful under the FLSA;

(E)    for an award of unpaid overtime wages due under the FLSA to Plaintiff, the On-Call Collective, and the Break Collective;

(F)    for an award of liquidated damages for CCSD's failure to pay overtime wages to Plaintiff, the On-Call Collective, and the Break Collective;

(G)    for all unpaid wages and other compensation due to Plaintiff;

(H)    for an award of prejudgment and post-judgment interest;

(I)    for an award of costs and expenses of this action, including reasonable attorneys' fees, expert fees, and costs; and

(J)    for any further and additional legal and equitable relief as the Court deems just and proper.

Respectfully submitted this January 30, 2024.

*/s/Jake Knanishu*
Jake Knanishu
Georgia Bar No. 597103
Justin Scott
Georgia Bar No. 557463
Radford Scott, LLP
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
jscott@radfordscott.com
jknanishu@radfordscott.com

*Counsel for Plaintiff*