IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN HENRY, individually and on behalf of all similarly situated persons,<br><br>    Plaintiff,<br><br>    v.<br><br>CLAYTON COUNTY SCHOOL DISTRICT,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:24-CV-441-TWT |

**OPINION AND ORDER**

This is a collective action under the Fair Labor Standards Act. It is before the Court on the Plaintiff Karen Henry's Motion to Certify Class. [Doc. 31]. For the reasons set forth below, the Plaintiff's Motion to Certify Class [Doc. 31] is GRANTED.

## I.  Background

This action arises from the Plaintiff Karen Henry's employment as a school resource officer for Defendant Clayton County School District. (Am. Compl. ¶ 15). The Plaintiff alleges that the Defendant pays her and other similarly situated employees irregularly rather than for set pay periods, such that when the Defendant calculates and pays overtime, "it does so according to the time elapsed since their most recent paycheck" rather than on a regular interval. (*Id.* ¶¶ 19-20). The Plaintiff's job duties require her to work on-call shifts multiple times per month, which can last up to 24 hours each. (*Id.* ¶ 21).

During these on-call shifts, the Plaintiff typically receives "no less than a dozen calls," and often each call requires an hour or more of her time to respond. (*Id.* ¶¶ 21, 23). The Plaintiff alleges that the Defendant does not compensate her and similarly situated employees for their entire on-call shift, but instead only compensates them "if they have to physically travel to the site of the call to respond . . . [but only] for the time traveling to the site and at the site, but not returning home." (*Id.* ¶ 25). Additionally, the Plaintiff's regular hours include a 9-hour shift five days per week for a 45-hour work week, not including on-call time, but the Defendant deducts 1 hour per day for a lunch break and therefore pays her and similarly situated employees for only an 8-hour workday. (*Id.* ¶¶ 28-30). However, the Plaintiff and similarly situated employees are not "completely relieved of their duties" during lunch. (*Id.* ¶ 30).

On the basis of these allegations, the Plaintiff filed the present collective action on January 30, 2024, asserting one individual and one collective claim for willful failure to pay overtime worked on-call (Counts 1 and 2), and one individual and one collective claim for willful failure to pay overtime worked during unpaid lunch breaks, all in violation of the Fair Labor Standards Act ("FLSA") (Counts 3 and 4). (*Id.* ¶¶ 35-83). The Plaintiff seeks to represent two groups of similarly situated persons pursuant to 29 U.S.C. § 216(b):

- A. All persons who were, or are, employed by CCSD as non-exempt employees at any time within three years prior to the filing of [the original] Complaint and who were not compensated at an overtime rate of one and one-half times their regular rate of pay for all time worked on call in excess

>of forty hours per week (the "On-Call Collective");
>
>B. All persons who were, or are, employed by CCSD as non-exempt employees at any time within three years prior to the filing of [the Original] Complaint and who were not compensated at an overtime rate of one and one-half times their regular rate of pay for time worked during their lunch "breaks" in excess of forty hours per week (the "Break Collective").

(*Id.* ¶ 11). On June 28, 2024, the Plaintiff filed the Motion to Certify Class that is presently before the Court seeking to conditionally certify these two groups of similarly situated individuals. [Doc. 31]. The Plaintiff attached proposed notices for each collective to her Motion. (*See* Pl.'s Mot. to Certify, Exs. 2,3).

## II. Legal Standards

The FLSA permits an employee to bring an action for unpaid overtime compensation "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Participants must affirmatively opt into the suit by filing a written consent with the Court. *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1258-59 (11th Cir. 2008). Because of the opt-in requirement, "the decision to certify the action, on its own, does not create a class of plaintiffs." *Id.* at 1259. "Therefore, the importance of certification, at the initial stage, is that it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees," who then have the opportunity to opt-in. *Id.* The notice stage is the first of a two-stage procedure for determining whether a collective action should be certified. *Id.* at 1260.

Although the FLSA itself does not define "similarly situated," the Eleventh Circuit has held that employees must be similarly situated "with respect to their job requirements and with regard to their pay provisions . . . [courts are not to determine] whether their positions are identical." *Id.* at 1259-60. It is the plaintiff's burden to establish a "reasonable basis" for her assertion that other similarly situated employees exist. *Id.* at 1260 (quotation marks and citation omitted). The Eleventh Circuit describes this burden as "not particularly stringent," "fairly lenient," and "flexible," but the plaintiff must rely on more than "only counsel's unsupported assertions that FLSA violations are widespread and that additional plaintiffs would come." *Id.* at 1261 (brackets, quotation marks, and citation omitted).

The second stage, decertification, takes place post-discovery is therefore "less lenient," with "the plaintiff bear[ing] a heavier burden" to establish similarity. *Id.* At this stage, the court "has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." *Id.* If the court finds that the plaintiffs are similarly situated, "the district court allows the representative action to proceed to trial." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quotation marks and citation omitted). If they are not, "the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Id.* (quotation marks and citation omitted). The original plaintiff's case then continues to trial as to her individual claims. *Id.* (quotation marks

4

and citation omitted). At both stages, the determinations made are within the district court's discretion. *Morgan*, 551 F.3d at 1260-61.

### III. Discussion

The Plaintiff argues that she has met the "fairly lenient standard" for establishing her entitlement to conditional certification. (Pl.'s Mot. to Certify, at 8). First, as to the on-call collective, she contends that she has shown both that her job duties are similar to the positions held by the proposed opt-in plaintiffs and that they were subject to the same policies with regard to overtime pay and on-call shifts. (*Id.* at 8-11). Second, as to the break collective, the Plaintiff asserts that she is similarly situated to the proposed opt-in plaintiffs who were subject to the same lunch break pay policies and who were often required to work through their lunch breaks. (*Id.* at 11-13). The Plaintiff also argues that a merits determination of her claims is improper at this stage and not part of the conditional certification inquiry. (*Id.* at 14-15). Finally, the Plaintiff contends that fairness and judicial efficiency weigh in favor of collective treatment of the Plaintiff and similarly situated law enforcement officers. (*Id.* at 16-17).

The Defendant opposes conditional certification, relying on Fed. R. Civ. P. 23 and arguing first that the Plaintiff is not similarly situated with the proposed opt-in plaintiffs because of variations in their job titles, working locations, schedules, on-call shift work time, and frequency of work interruptions during lunch breaks. (Def.'s Br. in Opp. to Mot. to Certify, at

5-10). With regard to the proposed on-call collective, the Defendant contends that whether a particular plaintiff was not compensated for time spent responding to a call will require a fact-specific inquiry. (*Id.* at 8-9). Similarly, with regard to the proposed break collective, the Defendant asserts that whether a particular plaintiff worked through his or her lunch break is also a fact-specific inquiry. (*Id.* at 10-11). Additionally, the Defendant argues that it plans to assert multiple defenses that are individualized to each plaintiff. (*Id.* at 12-13).

In reply, the Plaintiff argues that the Defendant's reliance on Rule 23 is misplaced and that the conditional certification standard under the FLSA is more lenient. (Pl.'s Reply in Supp. of Mot. to Certify, at 4-5). The Plaintiff contends that she is similarly situated to the proposed on-call and break collective members with regard to the policies applied to them and their job duties, which is what matters for purposes of a conditional certification analysis. (*Id.* at 6-8). And finally, the Plaintiff argues, the Defendant's individualized defense argument would be applicable at the decertification stage, not the conditional certification stage. (*Id.* at 8-10).

The Court finds that the Plaintiff's Amended Complaint, Motion to Certify, and supporting exhibits satisfy her burden of demonstrating that the proposed opt-in plaintiffs are similarly situated to her, and that conditional certification is appropriate. The Plaintiff has a reasonable basis for her allegations that she and the proposed opt-in plaintiffs have substantially

similar job duties and are subject to the same pay policies with regard to on-call shifts and lunch breaks, and her allegations are supported by the affidavits of two proposed plaintiffs who have already consented to opt in. (*See* Pl.'s Mot. to Certify, Exs. 10, 11). This is all that is required at the certification stage. *See Morgan*, 551 F.3d at 1259-60. The Court will therefore conditionally certify the two proposed collectives, as outlined in the Plaintiff's Amended Complaint:

> A. All persons who were, or are, employed by CCSD as non-exempt employees at any time within three years prior to the filing of [the original] Complaint and who were not compensated at an overtime rate of one and one-half times their regular rate of pay for all time worked on call in excess of forty hours per week (the "On-Call Collective");
>
> B. All persons who were, or are, employed by CCSD as non-exempt employees at any time within three years prior to the filing of [the Original] Complaint and who were not compensated at an overtime rate of one and one-half times their regular rate of pay for time worked during their lunch "breaks" in excess of forty hours per week (the "Break Collective").

(Am. Compl. ¶ 11).

Contrary to the Defendant's assertions, Rule 23 is not applicable in this FLSA action, nor is its higher standard. *See Calderone v. Scott*, 838 F.3d 1101, 1103-04 (11th Cir. 2016). The Defendant's arguments that the proposed opt-in plaintiffs differ from the Plaintiff in terms of their job titles, work locations, schedules, and actual work time are misplaced because the Plaintiff is not required to establish that their positions are "identical." *Morgan*, 551 F.3d at 1259-60. These arguments, along with the Defendant's individualized defenses

as to particular plaintiffs, are more properly addressed at the decertification stage. *Id.* at 1261 (noting that there are "a number of factors that courts should consider at the second stage, such as: (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." (brackets, quotation marks, and citations omitted)). The sole purpose of conditional certification is to facilitate notice, not to address the substance or merits of the collective plaintiffs' claims. *Id.* at 1259.

The Plaintiff submitted proposed notices, reminder notices, and consent to opt-in forms for both the on-call and break collectives. (*See* Pl.'s Mot. to Certify, Exs. 2-6). The Defendant has not raised any objections to the proposed documents. Therefore, the Court hereby approves the Plaintiff's proposed notices, reminder notices, and consent to opt-in forms.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion to Certify Class [Doc. 31] is GRANTED. The Plaintiffs proposed notices, reminder notices, and consent to opt-in forms for each collective are APPROVED. The Court DIRECTS the Defendant to provide to Plaintiff within 21 days of the date of this Order a computer-readable file containing the names, dates of birth, last known mailing addresses, telephone numbers, email addresses, and dates of employment of all potential collective members. The Plaintiff shall take care

to maintain the confidentiality of this information. The Plaintiff is DIRECTED to collect and timely file consent to opt-in forms from opt-in plaintiffs for 60 days from the date of this Order.

    SO ORDERED, this   31st   day of October, 2024.

                                        THOMAS W. THRASH, JR.
                                        United States District Judge